# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RONALD E. JONES,                      )
                                      )
            Movant,                   )
                                      )
     v.                               )     Case No. 4:18CV761 HEA
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se motion to vacate, set aside or correct his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C.§§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

In 2010, movant was convicted of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Jones,* 4:08CR394 HEA (E.D.Mo.). He was sentenced to an aggregate term of imprisonment of 295 months, and his conviction and sentence were upheld on appeal. *See United States v. Jones*, No. 10-2769 (8th Cir. 2011).[1]

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on February 8, 2013. *Jones v. United States*, 4:13-CV-253 HEA (E.D.Mo). This Court denied the motion, and the

---

[1]Movant received a Crack/Cocaine Sentence Reduction ("Amendment 782") on February 13, 2015, to an aggregate term of imprisonment of 248 months of imprisonment.

United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on April 25, 2017. *Jones v. United States*, No. 16-4194 (8th Cir. 2017).

In the instant motion, movant claims "that the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), provides that the residual clause in 18 U.S.C. § 16(b), and its similarly worded sister statute of 18 U.S.C. § 924(c), are unconstitutionally vague, as was also decided in *Johnson v. United States*, 135 S.Ct. 2551 (2015)." Thus, movant seeks to have his sentence at least partially set aside.

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 17th day of July, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE